

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Melvin Combs
County Attorney
Jefferson County
Beaumont, Texas

Attention: Mr. Earl Black

Dear Sir:

Opinion No. 0-3369
Re: Can the chief deputy or first assistant in the County Clerk's office in Jefferson County, who is also head of the filing department receive in addition to the $2600.00 salary of chief deputy the $200.00 additional compensation provided under Art. 3902, Sec. 5, R.C.S., 1925, which has been allowed by the commissioners' court.

Your request for our opinion on the hereinabove captioned question has been received by this department. We quote from your request as follows:

"Will you please advise this office as to whether or not, Mr. T. C. Land, who is Chief Deputy or first assistant in the County Clerk's office, Jefferson County, Texas, and also the head of the filing department in said office which departmental division has been approved by the Commissioners Court, can receive in addition to the $2600 salary of Chief Deputy or first assistant the $200 additional compensation provided under Article 3902, Sec. 5, R.C.S., 1925, which has been allowed by the Commissioners Court.

"Mr. Land has been a deputy in that office for eight continuous years."

The official 1940 census shows that the population of Jefferson County is 145,329.

Section 5 of Article 3902, Vernon's Annotated Civil atutes, is applicable to Jefferson County, Texas, and reads s follows:

"5. In counties having a population of one hundred thousand and one (100,001) and not more than one hundred and fifty thousand (150,000) inhabitants, first assistant or chief deputy not to exceed Twenty-six Hundred ($2600.00) Dollars per annum; heads of departments may be allowed by the Commissioners' Court, when in their judgment such allowance is justified, the sum of Two Hundred ($200.00) Dollars per annum in addition to the amount herein allowed, when such heads of departments sought to be appointed shall have previously served the county or political subdivision thereof for not less than two continuous years; other assistants, deputies or clerks not to exceed Twenty-three Hundred ($2300.00) Dollars per annum each." (Underscoring ours)

Inasmuch as the quoted section of the statute expresslimits the compensation which may be allowed the first assistnt or chief deputy to "not to exceed Twenty-six Hundred ($2600.00) llars," and does not expressly mention the first assistant or ief deputy as being entitled to an additional Two Hundred 200.00) Dollars upon certain conditions, such officers would entitled to such additional Two Hundred ($200.00) Dollars only it can be determined that by the underscored part of the state the Legislature intended to allow such additional compensaon to every head of a department with two years of continuous evious service irrespective of whether he is the first assisnt or chief deputy or not.

We have been unable to find any Texas case defining the rm "heads of departments" as used in the statute under considation. The term appears to have been first used by the Legisture (in connection with the compensation of deputies and sistants of district, county and prec? nt officers) in 1913 an the Legislature amended Article 390. of the Revised Civil atutes of 1911. (39th Legislature, Acts of 1913, Ch. 121, 2.)

Article 3903, Revised Civil Statutes, 1911, provided, part, as follows:

norable Melvin Combs, page 3

"... . The maximum amount allowed for deputies and assistants for their services shall be as follows, to-wit: 'First assistant or chief deputy, a sum not to exceed a rate of Twelve Hundred ($1200) Dollars per annum, others not to exceed a rate of Nine Hundred ($900) Dollars per annum.'"

In 1913, said Article was amended (33rd Legislature, s 1913, ch. 121), to read as follows:

"The maximum amount allowed for deputies or assistants for their service shall be as follows, to-wit: 'First assistant or chief deputy, a sum not to exceed a rate of Eighteen Hundred ($1800) Dollars per annum; heads of departments, a sum not to exceed Fifteen Hundred ($1500) Dollars per annum; others not to exceed a rate of Twelve Hundred ($1200) Dollars per annum."

Said Article 3903, Revised Civil Statutes, 1911, was ther amended in 1913 (33rd Legislature, ch. 142), in 1917 th Legislature, ch. 55), in 1920 (36th Legislature, 3rd Called sion, ch. 32), and in 1921 (37th Legislature, ch. 96). By se amendments the Legislature set up new population brackets under each bracket, except the lowest, allowed the chief ity or first assistant Three Hundred Dollars ($300.00) more 1 the "heads of each department," and the heads of each de-ment Three Hundred Dollars ($300.00) more than "other depu-: and assistants."

In 1925 (39th Legislature, ch. 52), Article 3903, Re-:d Civil Statutes, 1911, was again amended and here, for the :t time, the Legislature defined the term "head of department" roviding as follows:

"Provided, that no head of a department shall be created except where the person sought to be appointed is to be in actual charge thereof, with deputies or assistants under his supervision, or a department approved by the court and only in offices capable of a bona fide subdivision into departments."

To the present time, this remains as the only Legisla-definition of heads of departments. (See Section 4a of cle 3902, Vernon's Revised Civil Statutes.)

In 1929, Article 3902 was again amended (Acts 1929, 41st Legislature, First C.S., p. 225, ch. 92), the material part reading as follows:

"Provided, that in Counties having a population in excess of 125,000 inhabitants, the maximum compensation that may be allowed such Deputies or Assistants for their services shall be as follows, to-wit:

"FIRST ASSISTANT OR CHIEF DEPUTY, not to exceed $3000.00 per annum; provided the Commissioners' Court may increase said amount not to exceed $3300.00 per annum, where a necessity thereof is shown and where the person to be appointed has been previously the head of a department for not less than one year or has been in the continuous service of the County for a period of not less than two years.

"Heads of Departments may be allowed by the Court, when in their judgment such are necessary, not to exceed $2700.00 per annum, when such Heads of Departments sought to be appointed shall have previously served the County for not less than two continuous years. Other Heads of Departments shall receive not to exceed $2400.00 per annum; provided that no Head of a Department shall be created except where the person sought to be appointed is to be in actual charge thereof, with Deputies or Assistants under his supervision, or a Department approved by the Court and only in offices capable of a bona fide subdivision into departments.

"DEPUTIES OR ASSISTANTS other than those above provided for may be allowed, the number to be determined by the Commissioners' Court, and their salaries based as far as possible on a graduate scale according to service, ability and qualification. Fifty per cent of the number so appointed may be authorized at a rate not to exceed $2500.00 per annum, provided, such rate shall be allowed only to Deputies in service for two years or more and all other so appointed at a rate not to exceed $2100.00 per annum."

The legislative history of the statute in question thus far, therefore, clearly indicates that the Legislature intended

Honorable Melvin Combs, page 5

to divide deputies and assistants into three distinct groups and to compensate them on the basis of the group that they were in. The highest paid group, was the first assistant or chief deputy; the second, heads of departments; the third, other assistants or deputies. Assuming that a chief deputy or first assistant may be a head of a department, which is a question not submitted and therefore not ruled on by us in this opinion, he would nevertheless be limited to the maximum allowed chief deputies or first assistants. While this is clear from the plain language of the statute through the amendment of 1929, a more serious question arises on this point by the ambiguous language used in the amendment to Article 3902, in 1933.

The 43rd Legislature, Acts 1933, p. 734, amended that part of Article 3902 here involved, to read as follows:

"5. In counties having a population of one hundred thousand and one (100,001) and not more than one hundred fifty thousand (150,000) inhabitants; First Assistant or Chief Deputy not to exceed Twenty-six Hundred ($2600.00) Dollars per annum; other assistants, deputies or clerks not to exceed Twenty-three Hundred ($2300.00) Dollars per annum each.

"6. In counties having a population of one hundred fifty thousand and one (150,001) or more inhabitants; First Assistant or Chief Deputy not to exceed Three Thousand ($3000.00) Dollars per annum; other assistants, deputies or clerks not to exceed Twenty-four Hundred ($2400.00) Dollars each, except as otherwise provided in this Act.

"Heads of departments may be allowed by the Commissioners' Court, when in their judgment such allowable is justified, the sum of Two Hundred ($200.00) Dollars per annum in addition to the amount hereinbefore authorized, when such heads of departments sought to be appointed shall have previously served the county or political subdivision thereof for not less than two continuous years; provided, that no heads of departments shall be created except where the person sought to be appointed shall be in actual charge thereof, with deputies or assistants under his supervision, or a department approved by the court, and only in offices capable of a bona fide subdivision into departments."

Honorable Melvin Combs, page 6

It will be noted that in this amendment, the Legislature for the first time provided that "heads of departments may be allowed . . . the sum of <u>Two Hundred Dollars per annum in addition to the amount hereinbefore authorized. . .,</u>" in place of setting a definite maximum as in prior amendments. The ambiguity of this language presented the question of whether such additional Two Hundred Dollars should be allowed to a Chief Deputy or First Assistant where such officer is also the head of a department. In view of the clear cut distinction between the chief deputies or first assistants and heads of departments theretofore consistently made by the Legislature in dealing with the subject for a period of twenty years, we are of the opinion that the Legislature would have expressed itself more clearly if it had intended to include such officers within the Two Hundred Dollars additional allowance where they were also heads of departments.

That chief deputies or first assistants were not considered by the Legislature as entitled to the Two Hundred Dollars additional salary under the last paragraph of the 1933 amendment, quoted supra, appears to be obvious inasmuch as the very next Legislature (Acts 1935, 44th Legislature, p. 752, ch. 327) amended the relevant part of Article 3902, to read as follows:

"5. In counties having a population of one hundred thousand and one (100,001) and not more than one hundred and fifty thousand (150,000) inhabitants, First Assistant or Chief Deputy not to exceed Twenty-six Hundred Dollars ($2600) per annum; other assistants, deputies or clerks not to exceed Twenty-three Hundred Dollars ($2300.00) per annum each.

"6. In counties having a population of one hundred and fifty thousand and one (150,001) or more inhabitants, First Assistant or Chief Deputy not to exceed Three Thousand Dollars ($3000) per annum; other assistants, deputies or clerks not to exceed Twenty-four Hundred Dollars ($2400) each, except as otherwise provided in this Act.

"Heads of departments may be allowed by the Commissioners Court, when in their judgment such allowable is justified, the sum of Two Hundred Dollars ($200) per annum in addition to the amount

hereinbefore authorized, <u>whether it be chief deputy
or assistant, deputy, clerk or assistant</u>, when such
heads of departments sought to be appointed shall
have previously served the county or political
subdivision thereof for not less than two (2) con-
tinuous years; provided, that no heads of depart-
ments shall be created except where the person
sought to be appointed shall be in actual charge
thereof, with deputies or assistants under his
supervision, or a department approved by the Court,
and only in offices capable of a bona fide subdivi-
sion into departments." (Underscoring ours)

By expressly and clearly stating "whether it be chief
deputy or assistant, deputy, clerk or assistant," a chief deputy
or first assistant undoubtedly was entitled to the Two Hundred
Dollars additional, under Article 3902, as amended by Chapter
327 of the 44th Legislature.

Several months later, however, the <u>same Legislature</u>
(Acts 1935, 44th Legislature, Second C.S., p. 1762, ch. 465)
again amended Article 3902. This amendment is Section 5 of
Article 3902, applying to Jefferson County, in its present
form quoted at the beginning of this opinion.

It will be noted that the language used in the clause
dealing with "heads of departments" in Section 5 of Article
3902, is identical with that contained in the 1933 amendment.
If the Legislature had intended to allow chief deputies or
first assistants the Two Hundred Dollars additional salary,
we believe it would have used the same clear language to that
effect that it used in the Regular Session (Acts 1935, 44th
Legislature, p. 752, ch. 327) instead of going back to the
language used in the 1933 amendment by a previous Legislature.

In 39 Tex. Jur. 241, Section 128, it is stated as
follows:

"In the construction of an act or provision
that has been amended, re-enacted or restated, the
circumstance that the original statutory language
has been modified, or that it has been preserved
unchanged, in certain particulars, may be taken into
consideration, as an aid to the ascertainment of the
legislative intent. Speaking generally, alterations

in the language of a statute must be given effect.
The omission of a significant word or provision
from an amendment or re-enactment indicates a de-
sire to change the effect or interpretation of
the act, or an intention to exclude the object
theretofore accomplished by the words omitted."

The language used in Section 5 of Article 3902 and
the legislative history of said Article, leads us to the con-
clusion that the statute is subject to but one construction,
to-wit, that chief deputies or first assistants are not en-
titled to the Two Hundred Dollars additional compensation even
though they are the head of a department with the necessary
two years previous service.

Even if it could be conceded that the statute under
consideration is capable of being construed either way, which
certainly is the most that could be contended for, we would
still be forced to the conclusion that the chief deputy or first
assistant is not entitled to the Two Hundred Dollars additional
compensation. Article 3902, being a fee statute, must be strict-
ly construed. The rule is stated in 34 Tex. Jur. 508, Sec. 105,
as follows:

"Statutes prescribing fees for public officers
are strictly construed; and hence a right to fees
may not rest in implication. Where this right is
left to construction, the language of the law must
be construed in favor of the government. Where a
statute is capable of two constructions, one of
which would give an officer compensation for his
services in addition to his salary and the other
not, the latter construction should be adopted. It
is no concern of an officer that the Legislature
may have been toward other officers more liberal
than toward him in the matter of compensation for
services; nor does this fact justify the courts in
upholding his claim for compensation for services
as against a fair and reasonable interpretation of
the statute. In applying fee statutes and ascertain-
ing the intent of the Legislature and the meaning of
the statute, the usual methods and rules of inter-
pretation are applicable."

You are, therefore, respectfully advised that it is
the opinion of this department that, under the facts submitted,

Mr. T. C. Land is not entitled to be paid the Two Hundred Dollars additional compensation provided for in Section 5 of Article 3902, Vernon's Annotated Civil Statutes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Edgar Pfeil
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

EP:db

